court of the availability and sufficiency of such objection. This was not done in the bill under consideration. What we have said also applies to bill of exception No. 5. In the absence of some showing in the bill, we cannot tell what basis there was in fact for the argument of the prosecuting attorney therein objected to.

The motion for rehearing will be overruled.

## GEER v. STATE.
### No. 14254.

Court of Criminal Appeals of Texas.
March 11, 1931.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, J.

Conviction is for manufacturing intoxicating liquor, punishment being one year in the penitentiary.

The record is here without a statement of facts or bills of exception. Nothing is presented for review.

The judgment is affirmed.

## GEER v. STATE.
### No. 14255.

Court of Criminal Appeals of Texas.
March 11, 1931.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, J.

Conviction is for possessing intoxicating liquor for the purpose of sale, punishment being one year in the penitentiary.

The record is here without statement of facts or bills of exception. Nothing is presented for review.

The judgment is affirmed.

## John GEER v. STATE.
### No. 14256.

Court of Criminal Appeals of Texas.
March 11, 1931.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, P. J.

The unlawful possession of equipment for the manufacture of intoxicating liquor is the offense; penalty assessed at confinement in the penitentiary for one year.

The indictment is regular. A plea of guilty was entered. Eighty days from November 19, 1930, were allowed within which to prepare and file the statement of facts and bills of exception. Neither of these is found in the record. No error in the procedure has been pointed out or perceived.

The judgment is affirmed.

## CUSTER v. STATE.
### No. 13352.

Court of Criminal Appeals of Texas.
Feb. 4, 1931.

Rehearing Denied March 18, 1931.

